UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0337(1) (PJS/HB) |
| | Case No. 22-CV-3235 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| SCOTT MICHAEL LUTHER, | |
| Defendant. | |

Defendant Scott Luther pleaded guilty to mail fraud and money laundering and was sentenced to time served and three years of supervised release.  ECF No. 179.  On December 8, 2022, Luther sent an email to the Court contending that he was wrongfully convicted and requesting that this case be reopened.  ECF No. 190.  The Court issued an order informing Luther that it intended to treat his email as a motion under 28 U.S.C. § 2255, warning him of the consequences of such treatment, and inviting him to either withdraw or amend his motion to add any other claims that he might have.  ECF No. 191.  The Court further informed Luther that, if he did not withdraw or amend his motion, the Court would consider the matter fully submitted as of February 1, 2023, and would conduct a review under Rule 4 of the Rules Governing § 2255 Proceedings.

Luther has not withdrawn or amended his motion, and the Court has accordingly conducted its review.  For the reasons set forth below, the motion is denied.

Because the record conclusively demonstrates that Luther is not entitled to relief, no hearing is necessary. *See* Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Luther pleaded guilty on June 8, 2021. ECF No. 156. Luther now contends that his guilty plea was invalid because, due to various physical ailments, he was on morphine and incoherent due to pain during the change-of-plea hearing. He also seems to suggest that his attorney was ineffective for failing to bring this issue to the Court's attention during the hearing.

Luther has not submitted any evidence in support of these allegations, and they fail for that reason alone. Setting that aside, Luther's allegations are contradicted by his sworn testimony at the change-of-plea hearing. Luther is one of the most dishonest and manipulative defendants that this Court has ever encountered; since long before he was indicted, he has done everything within his power to delay and manipulate these proceedings. Prior to the change-of-plea hearing, the Court anticipated that Luther would someday claim that his guilty plea was invalid—he is predictable in his game playing—and thus the Court took extraordinary care during Luther's change-of-plea hearing to ensure that his anticipated plea would be valid.

In connection with the hearing, Luther's attorney provided the Court with a list of Luther's medications. The Court specifically inquired of Luther whether any of the medications interfered with his ability to think clearly. In response, Luther affirmed under oath that he was able to think clearly. Plea Tr. 9 [ECF No. 194]. As the Court did throughout the hearing, the Court observed Luther carefully, and the Court saw no evidence whatsoever that Luther was having difficulty understanding or responding to the Court's questions.

The Court told Luther that, if at any time he was having trouble thinking clearly, understanding, or communicating, he should let the Court know. *Id.* The Court offered to take breaks during the course of the hearing and repeatedly emphasized that Luther could take as many breaks as necessary. *Id.* at 7, 30–31. The Court also explained that, unless Luther informed the Court that he was having a problem, the Court would assume that he was able to understand and respond to the Court's questions. *Id.* at 9–10. Luther affirmed throughout the hearing that he understood everything the Court told him.

Luther further testified that he had fully discussed the charges with his attorney, that his attorney had answered all of his questions and "thoroughly" explained the charges and plea agreement, that he was satisfied with his attorney's services, that his mind was clear when he discussed the plea agreement with his attorney, and that he

understood the terms of the agreement. *Id.* at 10, 15, 20–21. Again, the Court closely observed Luther throughout the hearing, and the Court did not see any hint that Luther was having any difficulty understanding or responding to the Court's questions.

In short, the record conclusively establishes that Luther's guilty plea was knowing and voluntary and that his attorney was not ineffective. *See United States v. Brown*, 715 F.2d 387, 388 (8th Cir. 1983) (defendant's "conclusory allegations . . . that the guilty plea was not voluntary and intelligent are insufficient to rebut his assertions of voluntariness made before and accepted by the district court"). Luther's § 2255 motion is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 192] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 25, 2023

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court